**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:19-CR- |
| | § | 00187-ALM-AGD-3 |
| LOGAN JAMES HOUGH | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Now before the court is the request for revocation of Defendant Logan James Hough's ("Defendant") supervised release. After the District Judge referred the matter to this court for a Report and Recommendation, the court conducted a hearing on June 10, 2026, to determine whether Defendant violated his supervised release. Defendant was represented by Sarah Jacobs of the Federal Public Defender's Office. The Government was represented by Calli Bailey.

Defendant was sentenced on February 2, 2022, before The Honorable Amos L. Mazzant, III of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Possess with the Intent to Distribute Heroin, a Class A felony. This offense carried a statutory maximum imprisonment term of Life. The guideline imprisonment range, based on a total offense level of 27 and a criminal history category of II, was 78 to 97 months. Defendant was subsequently sentenced to 60 months imprisonment followed by a 5-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, substance testing and treatment, and a $100 special assessment. On November 9, 2023, Defendant completed his period of imprisonment and began service of the supervision term.

On June 9, 2025, the United States Probation Officer executed a First Amended Petition for Warrant or Summons for Offender Under Supervision (Dkt. #161, Sealed). The Petition asserts that Defendant violated five (5) conditions of supervision, as follows: (1) (mandatory) Defendant

must not commit another federal, state or local crime; (2) (standard) Defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers); (3) (mandatory) Defendant must refrain from any unlawful use of a controlled substance; (4) (standard) After initially reporting to the probation office, Defendant will receive instructions from the court or the probation officer about how and when he must report to the probation officer, and he must report to the probation officer as instructed; (5) (special) Defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing. (Dkt. #161at pp. 1-2, Sealed).

The First Amended Petition alleges that Defendant committed the following acts: (1)-(2) On May 22, 2025, a deputy with the Harris County Constable's Office Pct. 4, in Houston, Texas, initiated a traffic stop on a vehicle that was later identified to be driven by Defendant. During questioning, it was determined that Defendant had a U.S. Marshals' open warrant for violating probation. During a search of the vehicle, a glass pipe with a bowl at the end containing white residue was found inside the vehicle, along with a Taurus G3 9mm firearm #ACG033120 that was located in the glove compartment. Defendant was subsequently taken into custody and charged with the felony offense of Unlawful Possession of Firearm in violation of Texas Penal Code § 46.04; (3) On November 19, 2024, Defendant reported to the U.S. Probation Office and submitted a urine specimen that was positive for the use of methamphetamine. The specimen was confirmed positive for methamphetamine by Alere Toxicology Services, Inc., on November 25, 2024. On

February 7 and March 3, 2025, Defendant reported to the U.S. Probation Office and submitted a urine specimen that was positive for the use of methamphetamine, amphetamine, and marijuana. Both specimens were confirmed positive for methamphetamine, amphetamine, and marijuana use by Alere Toxicology Services, Inc.; (4) Defendant was instructed to report in person to the U.S. Probation Office on January 23, 2025, and he failed to report as instructed. Additionally, on November 13, 2024, Defendant was provided both verbal and written instructions to submit a monthly report by the 5th of each month through the U.S. Probation Office's Electronic Reporting System. Defendant has failed to submit a monthly report as instructed for the months of February, March, April, and May 2025; and (5) On May 7, 2025, Defendant was unsuccessfully discharged from substance abuse treatment with Fletcher Counseling and Associates in Plano, Texas, due to not attending his weekly treatment sessions. (Dkt. #116 at pp. 1-2, Sealed).

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to all allegations in the First Amended Petition. Having considered the First Amended Petition and the plea of true to all allegations, the court finds that Defendant did violate his conditions of supervised release. Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

### **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of nine (9) months, with thirty (30) months of supervised release to follow. All prior conditions imposed in the original judgment should be reimposed.

The court also recommends that Defendant be housed in a Bureau of Prisons facility in Texarkana, Texas, if appropriate.

**IT IS SO ORDERED.**

**SIGNED this 16th day of June, 2026.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE